UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| STEPHANIE TAMAKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00312-LEW |
| | ) | |
| ATSUSHI TAMAKI, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER DISSOLVING ATTACHMENT AND STAYING
EXECUTION OF JUDGMENT PENDING APPEAL**

The matter is before the Court on Defendant Atsushi Tamaki's Motion to Dissolve and Vacate All Liens and Attachments and to Lift Restrictions on the Properties (ECF No. 69), which motion Defendant filed subsequent to posting a supersedeas bond in the amount of $4,400,500.00, as required by a prior order of the Court as a condition to obtain a stay of execution on a $4,000,000.00 money judgment in favor of Plaintiff Stephanie Tamaki. The amount of the bond is fully sufficient to secure Plaintiff's interest in satisfaction of the Court's Judgment according to Local Rule 65.1 and well exceeds the amount of the attachment order previously entered in this matter.  Accordingly, the Motion is GRANTED.

**Attachment and Trustee Process**

Pursuant to Federal Rule of Civil Procedure 64 and Local Rule 64, the Court applies Maine law when reviewing a motion for attachment or a motion to dissolve an attachment. *See Hilton Sea*, *Inc. v. DMR Yachts*, *Inc.*, 750 F. Supp. 35, 36 (D. Me. 1990).  When

considering the issuance of an order of attachment, a critical consideration is whether a judgment will exceed the value of a bond or other security.  Me. R. Civ. P. 4A(c), 4B(c).  Upon the filing of a surety of a bond, "any prior attachment against the defendant to satisfy a judgment on the claim for which security has been tendered shall be dissolved."  Me. R. Civ. P. 4A(d)(2).  The same holds true for attachment on trustee process. Me. R. Civ. P. 4B(d)(2).  The bond being sufficient to warrant dissolution of the Court's Order of Attachment, the Court hereby VACATES the December 6, 2023 Order on Motion for Attachment and Attachment on Trustee Process.

## Writ of Execution

On May 29, 2024, the Clerk issued the Execution (ECF No. 30) on the Court's Judgment.  On August 2, 2024, I issued an Order (ECF No. 59) that denied Defendant's Motion to Stay and Vacate Execution of Judgment, made in the absence of a suitable bond, but explained that, pursuant to Federal Rule 62(b), execution would be stayed pending resolution of Defendant's appeal upon Defendant's posting of a bond in the amount of $4,400,500.00, which amount, per Local Rule 65.1, is sufficient to secure the Judgment in the amount of $4,000,000.00.[1]  The bond satisfies the requirement and the requested stay of execution is therefore GRANTED.

---

[1] Per Local Rule 65.1: "a bond . . . staying execution of a money judgment shall be in the amount of the judgment plus ten percent (10%) of the amount to cover interest and any award of damages for delay plus Five Hundred Dollars ($500) to cover costs, unless the Court directs otherwise."

## Stay Conditions

In the August 2 Order I conditioned any stay occasioned by a bond on the requirement that Mr. Tamaki not sell, transfer, convey, encumber, pledge or in any other manner, other than is reasonably necessary to provide for his cost of living and to practice or engage in a profession or occupation, dissipate any assets or any other things or right of any value whatsoever." This was a condition invited by Mr. Tamaki "[p]ending the time required for an appeal of the judgment." Motion at 9, ¶ c. However, this condition appears to have been proposed on the presumption that the Court might stay execution based on conditions designed to protect Plaintiff but falling short of the full bond amount set by Local Rule 65.1 (establishing presumptive amount of bond needed to stay execution of a money judgment "unless the Court directs otherwise"). *See, e.g., Popular Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979) (stating if the "debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court is similarly free to exercise a discretion to fashion some other arrangement for substitute security"). Because Mr. Tamaki has now posted a fully adequate bond, the conditions are likewise lifted.

## Conclusion

Defendant's Motion to Dissolve Liens and Attachments is GRANTED (ECF No. 69), the Stay of Execution is GRANTED (ECF No. 30), the attachments authorized under the Order on Motion for Attachment and Attachment on Trustee Process (ECF No. 13) are DISSOLVED, and that Order is HEREBY VACATED.

SO ORDERED.

Dated this 12th day of November, 2024.

/s/ Lance E. Walker  
Chief U.S. District Judge