UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| STEPHANIE TAMAKI, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| V. | )   2:23-cv-00312-LEW |
| | ) |
| ATSUSHI TAMAKI a/k/a ATCHAN TAMAKI, | ) |
| | ) |
| | ) |
| Defendant | |

## **INDICATIVE RULING**

This matter is currently under appeal, effectively depriving this Court of jurisdiction over Defendant's Motion for Relief from Judgment (ECF No. 86) filed on April 22, 2025, seeking Rule 60(b) relief based on newly discovered evidence and/or a fraud or misrepresentation by Plaintiff. Upon review of the Motion, Plaintiff's Response (ECF No. 87), and Defendant's Reply (ECF No. 88), and the exhibits appended thereto, I now issue this "indicative ruling on a motion for relief that is barred by a pending appeal," pursuant to Fed. R. Civ. P. 62.1.

The judgment currently under appeal is my Amended Judgment dated April 26, 2024 (ECF No. 26). In it, I awarded Plaintiff judgment by default. More particularly, Defendant has appealed from my more recent Order (ECF No. 59) denying his motion (ECF No. 41) and amended motion (ECF No. 50) seeking relief from the default judgment based on mistake, inadvertence, surprise, and excusable neglect.

A court may set aside a final default judgment under Rule 60(b).  *See* Fed. R. Civ. P. 55(c).  Rule 60(b) permits relief from judgment on grounds of, among other things, misrepresentation by an opposing party falling short of fraud and for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(3), (6).  "Motions brought under Civil Rule 60(b) are committed to the district court's discretion . . . ."  *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., Inc.*, 953 F.2d 17, 19 (1st Cir. 1992).  The district court must be mindful of both "the importance of finality as applied to court judgments" and "the desirability of deciding disputes on their merits."  *Id.*  Assuming a timely motion, the court must evaluate whether the grant of relief would be an empty gesture, whether there are exceptional circumstances that warrant extraordinary relief, and whether relief would unfairly prejudice the party who prevailed in the judgment.  *Id.* at 19-20.

The docket depicts a timely motion, filed within one year of the Amended Judgment.  Additionally, Defendant has filed affidavits and other evidence that raise genuine issues worthy of consideration.  As for the core question of whether a misrepresentation may work in Defendant's favor, the motion record suggests that the Affidavit that Plaintiff's counsel filed in support of Plaintiff's request to effectuate service by alternate means may have misrepresented that the service agent previously attempted to serve Defendant in hand at his place of residence.  On this issue, I have thus far merely compared the affidavit (ECF No. 5-1) counsel filed to justify alternate service with Defendant's more recent affidavit (ECF No. 86-3, PageID ## 765-69) attaching the service record maintained by the Cumberland County Sheriff, the latter of which suggests the

2

process server may have been derelict in his duty to attempt personal service at Defendant's abode before Plaintiff sought to effectuate service by alternate means. By Maine law, service by alternate means is authorized only on a showing that the movant exercised due diligence in attempting to effectuate personal service when the residential address of the person to be served is known. Me. R. Civ. P. 4(g)(1).

Although the record associated with Defendant's prior motion contains evidence that Defendant was aware that service was being attempted and sought to avoid it, which cut against his prior motion for relief, it now also contains evidence that Plaintiff's service agent may have cut corners when attempting personal service under Maine Rule of Civil Procedure 4. Depending on the circumstances, the Court might, in the interest of securing a judgment on the merits, grant relief from the Default Judgment based on a misrepresentation associated with the Motion for Service by Alternate Means.

At present, I anticipate only the appropriateness of a hearing. I do not suggest the existence of any malfeasance beyond a possible misrepresentation by the process server concerning his efforts in relation to service of Defendant at his abode. Accordingly, for purposes of Rule 62.1 of the Federal Rules, I hereby find that Defendant's Motion for Relief from Default Judgment "raises a substantial issue" for hearing that would be attended to presently but for the Court's lack of jurisdiction due to Defendant's pending appeal.

Counsel for Defendant is advised that Rule 62.1 puts the onus on Defendant to promptly inform the Circuit Clerk of this ruling pursuant to Federal Rule of Appellate Procedure 12.1.

Dated this 17th day of June, 2025.

/s/ Lance E. Walker  
Chief U.S. District Judge