## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| STEPHANIE TAMAKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  2:23-cv-00312-LEW |
| | ) | |
| | ) | |
| ATSUSHI TAMAKI, a/k/a | ) | |
| ATCHAN TAMAKI, | ) | |
| | ) | |
| Defendant. | ) | |

### Defendant, Mr. Tamaki's Brief in Opposition to Plaintiff's Motion For Sanctions

Defendant, Atsushi Tamaki aka Atchan Tamaki ("Defendant" or "Mr. Tamaki"), through

his counsel, hereby files his Opposition to Plaintiff's motion for sanctions ("motion") (ECF 89).

### Introduction

In this case, Defendant, Mr. Tamaki is fighting a $4 million judgment. Numerous

witnesses have come forward testifying that the underlying basis for this lawsuit is false, having

expressly overheard the directly contradictory statements from the Plaintiff, Stephanie Tamaki,

herself.

Notwithstanding, Plaintiff's counsel has initiated a motion for sanctions, apparently under

the principle that the best defense is a good offense. Plaintiff's counsel admits that the

declarations previously submitted "were not prepared by a lawyer." That is true as witnesses

should testify on their own personal knowledge, not based on what a lawyer coaches them to say.

To that end here, the lawyers for Mr. Tamaki did not solicit declarations from any of the

witnesses whose declarations were previously submitted and never coached any witness to testify

to anything other than what is within their own personal knowledge.

Defendant's attorneys have spoken with the key witnesses in order to "vet" what they are

saying about Stephanie is true, including her explicit denial of the veracity of the allegations in this lawsuit, and these witnesses have verified their declarations and signed them. Witnesses like Stephanie recant their testimony all the time under the pressure of family scrutiny. But the declarations previously submitted were the witnesses own, and not that of Defendant's attorneys, and the incidental statements they made about Plaintiff's attorneys were also their own, as Defendant's attorneys are not the finders of fact and do not control the witnesses testimony or what to say, and do not have their personal knowledge, whether the subject is Stephanie or the Plaintiff's attorneys. More to the point, **Defendant's attorneys did not sign any paper wherein Defendant's attorneys accused Plaintiff's attorneys of unethical or illegal conduct**, and the Plaintiff has failed to cite to **any such argument** made by Defendant's attorneys. Rather, Defendant's attorneys signed papers addressing the merits of this case only, or lack thereof.

In the end, based on the overwhelming evidence submitted, Stephanie's lawsuit is based on falsehoods and lies and operates as a "fraud on the court" and constitutes a frivolous lawsuit, and a motion for sanctions could conceivably be directed against the Plaintiff's attorney's "vetting of the evidence" or lack thereof, but Defendant's attorneys will not and do not stoop to that level. At bare minimum, this lawsuit is a "he said-she said" case and this Court should not adopt the motion's misdirection play directed against *Defendant or Defendant's attorneys*.

Finally, Plaintiff seems to suggest or imply that Defendant's attorneys are or have been vouching for their witnesses. But vouching for witnesses is impermissible and Defendant's attorneys have not done so. An attorney may argue all reasonable inferences from the evidence and testimony of record, so long as he does not express his personal belief or opinion as to the truth or falsity of any testimony or evidence. The motion for sanctions should be denied.

**Memorandum of Points and Authorities**

## I. Factual Background

The brief motion seeks sanctions against the Defendant and the Defendant's *lawyers* accusing them of highly unethical and illegal conduct by submitting declarations of witnesses in their own words in this he said-she said case. Plaintiff fails to substantiate the motion with facts, particularly any facts that the Defendant's *lawyers* have argued or accused *Plaintiff's lawyers* of highly unethical and illegal conduct. Defendant's lawyers have neither solicited such evidence nor made any such *argument about Plaintiff's lawyers themselves* in any signed pleading. In addition, Defendant's lawyers have no personal knowledge about Plaintiff's lawyers activities and are not in a position to provide such evidence. Rather, Defendant's attorneys signed papers addressing the merits of this case only, or lack thereof.

Moreover, Plaintiff cites **absolutely no case law** in support of the motion and fails to develop any argument based on the law.

In the end, the only thing that Defendant's lawyers have argued based on signed pleadings in this case and what is absolutely clear here is that there is an overwhelming body of evidence, that Stephanie's lawsuit is based on falsehoods and lies, misrepresentation, and operates as a "fraud on the court."

## II. Rule 11 Standards

Although the Plaintiff's motion for sanctions does not cite a single case law decision on the issues attendant to such motion or develop argument based on any law, Defendant sets forth the applicable law herein.

Rule 11 applies to represented parties. *Business Guides, Inc. v. Chromatic Communications Enterps., Inc.,* 498 U.S. 533, 111 S.Ct. 922, 931, 112 L.Ed.2d 1140 (1991).

Prior to signing a pleading, a litigant must fulfill the "affirmative duty to conduct a reasonable inquiry into the facts and the law." *Id.,* 111 S.Ct. at 933. Whether or not this duty has been breached depends on the objective reasonableness of the litigant's conduct under the totality of the circumstances. *See id.; see also Lancellotti v. Fay,* 909 F.2d 15, 18–19 (1st Cir.1990).

To determine whether a litigant made a reasonable inquiry into the facts, the district court should examine all the circumstances, including the complexity of the subject matter, the party's familiarity with it, the time available for inquiry, and the ease (or difficulty) of access to the requisite information. *See Brown v. Federation of State Medical Bds.,* 830 F.2d 1429, 1435 (7th Cir.1987); *Century Prods., Inc. v. Sutter,* 837 F.2d 247, 250–51 (6th Cir.1988); *Thomas v. Capital Sec. Servs., Inc.,* 836 F.2d 866, 875 (5th Cir.1988) (en banc); *see also* Fed.R.Civ.P. 11, Advisory Committee's Notes, 97 F.R.D. 198, 199 (1983). Litigants, like counsel, are to be held "to standards of due diligence and objective reasonableness—not perfect research or utter prescience." *Me. Audubon Soc'y v. Purslow*, 907 F.2d 265, 268 (1st Cir. 1990). Furthermore, for Rule 11 purposes, a party's pleading must be judged on the basis of what was reasonable when the pleading was filed rather than in hindsight. *See Cruz v. Savage,* 896 F.2d 626, 631 (1st Cir.1990); *Davis v. Crush,* 862 F.2d 84, 88 (6th Cir.1988).

As the First Circuit has described, "at least 'culpable careless[ness]' is required before a violation of the Rule can be found." *Citibank Global Mkts., Inc., v. Santana*, 573 F.3d 17, 32 (1st Cir. 2009) (alteration in original) (quoting *Roger Edwards LLC v. Fiddes & Son, Ltd.*, 437 F.3d 140, 142 (1st Cir. 2006)).

As such, the imposition of Rule 11 sanctions is a remedy that should not be employed lightly. *Navarro-Ayala v. Nunez*, 968 F.2d 1421, 1426-27 (1st Cir. 1992) ("The power to impose sanctions is a potent weapon and should, therefore, be deployed in a balanced manner.").

Imposing sanctions under Rule 11 "is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Tr. v. A-C-Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988); *Augustyniak Ins. Group, Inc. v. Astonish Results, L.P.*, C.A. No. 11-464S, 2013 WL 998770 at *7, 2013 U.S. Dist. LEXIS 36451 at *26 (D.R.I. 2013) ("Rule 11 sanctions are reserved for clear cases of abuse."); see also, *Am. Modern Home Ins. Co. v. United Yacht Sales*, No. CV 4:16-40127-TSH, 2017 WL 5760914, at *7 (D. Mass. Sept. 7, 2017) (**recommending denial of Rule 11 motion where movant targeted the ultimate merits of other party's claim**) *adopted by Am. Modern Home Ins. Co. v. United Yacht Sales*, No. CV 4:16-40127-TSH, D. 42 (electronic order).

"The central purpose of Rule 11 is to deter baseless filings." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990) (partially superseded, on other grounds by 1993 Rule 11 amendment). Purposes of Rule 11 "sanctions include to deter dilatory or abusive pretrial tactics, to avoid delay and unnecessary expense, and to streamline litigation." *Altmann v. Homestead Mortg. Income Fund*, 887 F. Supp. 2d 939, 955 (E.D. Cal. 2012) (citing *Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1536 (9th Cir. 1986)). "The pleader, at a minimum, must have a good faith argument for his or her view of what the law is, or should be." *Altman*, 887 F. Supp. 2d at 956.

The following is a discussion from *Anaqua, Inc. v. Schroeder*, No. CIV.A. 12-10710-FDS, 2014 WL 1795310, at *1–7 (D. Mass. May 5, 2014). The First Circuit has not decided "who bears what burden of proof to establish the factual predicate to the imposition of sanctions," citing *Augustyniak,* 2013 WL 998770, at *7. The Second Circuit has held that "district courts [should] resolve all doubts in favor of the signer." *Rodick v. City of Schenectady,* 1 F.3d 1341, 1350 (2d Cir.1993) (quoting *Associated Indem. Corp. v. Fairchild*

*Indus., Inc.,* 961 F.2d 32, 34–35 (2d Cir.1992)); *see also Bygott v. Leaseway Transp. Corp.,* 1987 WL 54392, at *8 (3d Cir.1987) (unpublished opinion); *Augustyniak,* 2013 WL 998770, at *7; 2– 11 Moore's Federal Practice–Civil § 11.23 ("For example, in determining whether a particular claim is merely a losing argument or is losing and sanctionable, the trial courts are to resolve all doubts in favor of the signer." (internal quotation omitted)); George M. Vairo, *Rule 11 Sanctions: Case Law, Perspectives and Preventative Measures,* 223 (Richard G. Johnson ed ., ABA, 3d ed. 2004) ("All doubts regarding whether Rule 11 has been violated should be resolved in favor of the signer of the paper. Thus, the burden of proof as to whether the signer has violated Rule 11 is on the Rule 11 movant."). The *Anaqua, Inc.* court agreed with this approach. No. CIV.A. 12-10710-FDS, 2014 WL 1795310, at *1–7 (D. Mass. May 5, 2014).

Moreover, an attorney who makes unsupported factual allegations "must, at the very least, be culpably careless" to violate Rule 11(b). *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 33, 39 (1st Cir. 2005). It is not necessary, however, "that an investigation into the facts be carried to the point of absolute certainty." *Dubois v. U.S. Dep't. of Agric.,* 270 F.3d 77, 82 (1st Cir.2001). Rather, it is sufficient if a factual contention "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed.R.Civ.P. 11(b)(3).

### III. Argument

A. Based on the Newly Discovered Evidence ***Previously Submitted*** (Fed. R. Civ. P. Rule 60(b)(2)), and as Evidence of Fraud, Misrepresentation, Or Misconduct By The Opposing Party (Fed. R. Civ. P. Rule 60(b)(3)), and as Evidence of "Fraud on the Court" (Fed. R. Civ. P. Rule 60(d)(3)), the Motion for Sanctions Should Be Denied.

Defendants have previously submitted the following important Declarations and evidence, and incorporate that evidence as though fully set forth herein:

- **Transcript of phone conversation between Kenta & Stephanie, wherein Stephanie states**:

  "We have all his assets now. We will have all his money soon. It's so easy. The lawyer makes a fake story, Judge believes it, we steal all his money.

  Kenta asks if this is criminal and Stephanie responds: No worries. As long as the Judge believes it, everything all right …. (ECF 86 PageID #: 713, 720, ECF 86-1 PageID #: 734-735);

- **Declaration of Kenta Tamaki Regarding Funeral of Jennifer Rutka in April 2022**. During the funeral, Athena and Kenta had a private conversation with Stephanie Tamaki, Jennifer's younger sister. In that conversation, Stephanie clearly stated that there was never any sexual abuse by Mr. Tamaki. Stephanie told them that Attorney Robert Levine made up the story and convinced Jen that she could use it to obtain money from the family. Stephanie appeared emotionally conflicted and remorseful when she made this statement, and it was said without any prompting or pressure from Athena and Kenta. Athena and Kenta were both present when Stephanie made this admission, and both affirm that it was spontaneous and truthful in that moment. (ECF 86 PageID#: 716-717, ECF 86-1 PageID#: 739);

- **Kenta Tamaki's October 30, 2024 statement** Atchan Tamaki is Kenta's father. His older half sister is Stephanie Tamaki. (Id.) Another older half-sister, Jennifer, passed away in April 2022, and Kenta and Athena gathered at Jennifer's funeral in Honolulu, Hawaii. (Id.) (emphasis added) They spoke with Stephanie at the funeral, and she clearly stated that when she lived with our father in Maine, there

was absolutely no abuse from him. (Id.) (emphasis added) Kenta's wife Athena was sitting right next to him. (Id.) (emphasis added) On the contrary, Stephanie told them that she was abused by her mother. (Id.) (emphasis added). (ECF 86 PageID#: 717, ECF 86-1 PageID#: 740);

- **Text messages exchanged between Kenta Tamaki and Stephanie Tamaki on September 19, October 20, and October 21, 2024 evidencing the request for and existence of a phone call conversation.** (ECF 86 PageID #: 719, ECF 86-1 PageID #: 733);

- **Phone records evidencing telephone calls and conversation between Kenta and Stephanie on October 20 & 21, 2024.** (ECF 86 PageID #: 719, ECF 86-1 PageID #: 736);

- **Fourth Declaration of Kenta Tamaki** , wherein Kenta testifies and further describes the events, including the context of his text messages with Jennifer, until he was able to speak with his mother about the allegations. (ECF 88 PageID#: 902, ECF 88-1 PAGEID#: 906-908);

- **Supplemental Declaration of Aiko Wada** (another daughter of Mr. Tamaki), wherein Aiko testifies that Stephanie admitted to both Aiko and her/their mother at the funeral that, "our father" "had never sexually abused them [i.e., Jen and Stephanie]." (ECF 88 PAGEID#: 902, ECF 88-2 PAGEID#: 909).

For all of the above and foregoing reasons, the Motion for Sanctions should be denied.

B.  Because it Has Not Been Substantiated Factually or Legally, the Motion for Sanctions Should Be Denied.

In addition, Plaintiff has failed to substantiate the Motion for Sanctions, both factually and legally.

Plaintiff's counsel admits that the declarations previously submitted "were not prepared by a lawyer." That is true as witnesses should testify as to their own personal knowledge, not based on what a lawyer coaches them to say. To that end here, the lawyers for Mr. Tamaki did not solicit declarations from any of the witnesses whose declarations were previously submitted, and never coached any witness to testify to anything other than what is within their own personal knowledge.

Defendant's attorneys have spoken with the key witnesses in order to "vet" what they are saying about Stephanie is true, including her explicit denial of the veracity of the allegations in this lawsuit, and these witnesses have verified their declarations and signed them. Witnesses like Stephanie recant their testimony all the time under the pressure of family scrutiny.

But the declarations previously submitted were the witnesses own, and not that of Defendant's attorneys, and the incidental statements they made about Plaintiff's attorneys were also their own, as Defendant's attorneys are not the finders of fact and do not control the witnesses' testimony or what to say or what not to say, and do not have their personal knowledge, whether the subject is Stephanie or the Plaintiff's attorneys.

More to the point, **Defendant's attorneys did not sign any paper wherein Defendant's attorneys accused Plaintiff's attorneys of unethical or illegal conduct**, and the Plaintiff has failed to cite to **any such citation in the record or argument** made by Defendant's attorneys or even any case law discussion regarding same.

Here, Plaintiff has not cited to any case law nor made any argument based on the case law. The motion should be denied on this basis alone.

When the applicable case law is considered, however, Plaintiff's motion similarly should be denied.

In all events, Plaintiff's Motion for Relief targeted the **merits** of Plaintiff's claim, and Plaintiff's claim has turned out to be completely meritless. *See Am. Modern Home Ins. Co.*, No. CV 4:16-40127-TSH, 2017 WL 5760914, at \*7 (**recommending denial of Rule 11 motion where movant targeted the ultimate merits of other party's claim**) *adopted by Am. Modern Home Ins. Co. v. United Yacht Sales*, No. CV 4:16-40127-TSH, D. 42 (electronic order).

Under such circumstances, a motion for sanctions should be denied.

In addition, **Defendant's attorneys did not sign or file a paper wherein Defendant's attorneys argued or took the position that the Plaintiff's attorneys were acting unethically or illegally**, and Plaintiff has not presented any evidence that Defendant's attorneys did so. Some of the witnesses may have addressed their testimony to that tangential subject, but, importantly, Defendant's attorneys did not advance, advocate, or sign a paper arguing the position that Plaintiff's attorneys acted unethically or illegally. With respect to the witnesses and, more importantly, their declarations, Defendant's attorneys have absolutely no control over those witnesses or their testimony. And, instead, Defendant's attorneys signed papers addressing the merits of this case only, or lack thereof.

Thus, Defendant's attorneys fulfilled the "affirmative duty to conduct a reasonable inquiry into the facts and the law" into the argument that they did make which was directed towards the merits only. *Business Guides, Inc.,* 498 U.S. 533, 111 S.Ct. 922, 933, 112 L.Ed.2d 1140. And all doubts should be resolved in favor of the signer. *Anaqua, Inc.*, No. CIV.A. 12-10710-FDS, 2014 WL 1795310, at \*1–7 (D. Mass. May 5, 2014).

Moreover, the Defendant's motion for relief was supported by factual declarations. The Defendant's attorneys can hardly be found to be "careless" let alone "culpably careless."

And even though the Declarations are the witnesses' testimony, Plaintiff seems to suggest that the Defendant's attorneys *vouched for these witnesses* **or** *even that Defendant's attorneys were obligated to or should vouch for them*. But Defendant's attorneys did not vouch for these witnesses because an attorney is not permitted to vouch for a witness. See, *United States v. Morris*, 837 F. Supp. 726, 727 (E.D. Va. 1993) (lawyers may not vouch for a witnesses' credibility); *State v. Green,* 2009 MT 114, ¶ 33, 350 Mont. 141, 205 P.3d 798 (An attorney may comment during argument on the credibility of witnesses, but an attorney may not offer personal opinions on witness credibility); *State v. Ruelas*, No. 2 CA–CR 2016–0344, 2018 WL 2437147, at *4 (Ariz. Ct. App. May 30, 2018) (citing *State v. Vincent*, in which the prosecutor impermissibly vouched for the credibility of a witness testifying before the jury. 159 Ariz. 418, 422–24 (1989)) (to vouch for a witness is "to comment favorably on the credibility of one or more witnesses based on the lawyer's personal knowledge" …. *Vouch*, Black's Law Dictionary (10th ed. 2014)).

See also, *State v. Weber*, 243 P.3d 382 (Kan. Ct. App. 2010) (Counsel are generally given wide latitude to comment on and characterize the evidence. That, more or less, is what advocacy is all about. But, for example, a lawyer may not argue facts that have not been admitted in evidence or personally vouch for a witness' veracity.); *People v. Olsem*, No. C082185, 2019 WL 926505, at *8 (Cal. Ct. App. Feb. 26, 2019) (The court properly admonished the jury that lawyers are not permitted to vouch for a witness's credibility.); *Brokenbrough v. State*, 522 A.2d 851, 855 (Del. 1987); Del. Lawyers' R. Prof'l Conduct 3.4(e); *State v. Aiken*, No. 1507021054A, 2020 WL 814358, at *9 (Del. Super. Ct. Feb. 19, 2020), aff'd, 242 A.3d 595 (Del. 2020) (Under Delaware law, it is improper for a lawyer to vouch for a witness or to bolster the testimony of a witness. This is especially true when the credibility of the witness is the subject of the vouching

or bolstering ….” On the other hand, as discussed above, the prosecutor may argue all reasonable inferences from the evidence and testimony of record, so long as he does not express his personal belief or opinion as to the truth or falsity of any testimony or evidence.)

Simply put, here, the Defendant's attorneys did not and do not vouch for these witnesses, but have argued all reasonable inferences from the evidence and testimony of record without expressing their personal beliefs or opinions as to the truth or falsity of any testimony or evidence.

Since Defendant's attorneys are not permitted to vouch for these witnesses, and have not done so, Plaintiff's argument, such as it is, and divorced from any citation to authority, is hardly the basis for a motion for sanctions.

For all of the above and foregoing reasons, the Motion for Sanctions should be denied.

## IV. Conclusion and Prayer for Relief

Based on the foregoing, the motion for sanctions should be denied, and Mr. Tamaki prays for this relief.

DATED: June 18, 2025

Respectfully submitted,

/s/ Peter J. Cyr

_____

Peter J. Cyr, Esq.

/s/ James J. Berdelle

_____

James J. Berdelle, Esq. (*pro hac vice*)

Attorneys for Defendant:
Atsushi Tamaki aka Atchan Tamaki

Peter J. Cyr, Esq. (Maine Bar ID No. 9037)
www.attorneypeterjcyr.com
Law Offices of Peter J. Cyr
85 Brackett St.
Portland, ME 04102
Telephone: (207) 828-5900
Facsimile: (207) 828-5909

James J. Berdelle, Esq., *pro hac vice* (Illinois bar #6185089)
james@dcklawfirm.com
Demidchik Law Firm PLLC
3031 Tisch Way, Ste 300
San Jose, CA 95128
Telephone: (415) 960-3333
Facsimile: (212) 810-7257

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, hereby certify that, this date, the foregoing was filed via

ECF on June 18, 2025 which will serve all parties and all counsel of record via Electronic Mail

this 18th day of June, 2025.

/s/ James J. Berdelle_____
James J. Berdelle, Esq. (*pro hac vice*)
james@dcklawfirm.com

Dated:  June 18, 2025