UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| STEPHANIE TAMAKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00312-LEW |
| | ) | |
| ATSUSHI TAMAKI, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION TO RECONSIDER AND REOPEN THE EVIDENCE,
AND VACATING DEFAULT JUDGMENT**

The matter is again before the Court on the question of service and the propriety of concluding this matter by default judgment, following an evidentiary hearing, post-hearing briefs, and the Supplemental Indicative Ruling dated March 20, 2026 (ECF No. 121).  On the basis of the Supplemental Indicative Ruling, the First Circuit Court of Appeals has remanded Defendant's appeals "for the limited purpose of ruling on Defendant-Appellant's renewed motion to vacate."  Order of the Court (ECF No. 123).

**A.     Motion to Reconsider and Reopen Evidence (ECF No. 124)**

Plaintiff asks that, before ruling on the motion to vacate, I reconsider anew the propriety of the default judgment and hold another hearing to consider more evidence and testimony from additional witnesses.  In support of her request, Plaintiff argues that I abused my discretion by reviewing and mentioning certain photographic evidence submitted by Defendant in the context of his post-hearing brief.  Plaintiff also claims that post-hearing developments—a passing remark made after the hearing and an unsolicited

affidavit filed by a non-party—militate in favor of another hearing.  Plaintiff also raises supplemental arguments that she believes undercut the findings I announced in the Supplemental Indicative Ruling.  Plaintiff seeks this relief in the context of Rule 59(e) of the Federal Rules of Civil Procedure.  *See* Mot. to Reconsider and Reopen the Evidence (ECF No. 124).

Rule 59(e) is not applicable here.  The Supplemental Indicative Ruling was a procedural order.  It does not constitute a judgment for purposes of Rule 59.  The Amended Default Judgment (ECF No. 26) remained in place even upon the issuance of the Supplemental Indicative Ruling.  Instead, Plaintiff's Motion is governed by Rule 60(b), which authorizes a motion for relief from an order or proceeding.[1]  Reconsideration of an order or proceeding can be justified based on (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) newly discovered evidence; (3) fraud or similar misconduct; (4) a basis to void the judgment; (5) satisfaction of the judgment and similar contingencies; or (6) "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).

Plaintiff alleges that I committed a "manifest error of law" when I mentioned in the Supplemental Indicative Ruling the photographic evidence that Defendant attached to his post-hearing brief.  Plaintiff does not offer any legal authority in support of this assertion. In the Supplemental Indicative Ruling, I explain why I found cause for concern in process server James Adams's testimony that he encountered Defendant at his residence while performing alternate, drop service there.  Mr. Adams's testimony was surprising, to say the

---

[1] I presume that the deadline for filing the motion is the "reasonable time" period set in Rule 60(c) rather than the 14-day period set in Local Rule 7(f), although I have some doubt on the matter.

least, insofar as the Court had repeatedly considered the circumstances of service based on representations made by process server Sam Rinaldi, who clearly had the lead on the service of Defendant but never himself had testified about any such encounter.  Nor did Mr. Rinaldi corroborate Mr. Adams's testimony at the hearing on the subject of Mr. Adams's alleged encounter with Defendant on the date of the drop service.  Furthermore, Mr. Adams testified that he had no recollection of any specifics concerning service on Defendant when he was first contacted by Plaintiff's counsel.  Yet his testimony at the hearing was truly incredible, near revelatory, offering such detail that I found it unlikely that his version of events would not have come to the Court's attention previously, such as at the default judgment hearing or in the papers Plaintiff filed in opposition to Defendant's motion for relief from the default judgment.  Mr. Rinaldi, the chief witness on the subject of service, never said as much before the hearing or at it, and neither gentleman had any contemporaneous note to support Mr. Adams's remarkable assertion.  Moreover, I find the representation incongruous with the passage of time and the character of Mr. Adams's service work, which involves many service attempts at many abodes and businesses on a daily basis.  Finally, I am persuaded by Defendant's testimony at the hearing that an encounter with Mr. Adams at Defendant's home during his attempt at drop service never happened.

Concerning Plaintiff's attribution of legal error, it is true that I also observed in the Supplemental Indicative Ruling that Mr. Adams's representation about attempting service at both the front and side doors of Defendant's residence was "somewhat odd given the layout of the Tamaki residence." In doing so, I referenced the challenged post-hearing

3

photographic exhibits, but my remark to that effect was merely an observation in further support of factual findings I had already drawn at the hearing for all the other reasons related in the Supplemental Indicative Ruling. I did not place decisive weight on the post-hearing exhibits but indicated instead that Mr. Adams's remark about the side door was odd—in effect, a curiosity. In any event, I am not persuaded that I committed a manifest error of law in considering the exhibits. For example, I would have considered a timely request by Plaintiff to supplement the record with argument and/or an affidavit from Mr. Adams in rebuttal, had it been attempted.

Another post-hearing concern involves a filing made by a non-party, Austin Miller. I place no weight on Mr. Miller's affidavit since it is not in evidence. To the extent Plaintiff argues that Mr. Miller's representations warrant a new hearing based on the discovery of "new evidence" under Rule 60(b), Mr. Miller's existence as a witness—he is the partner of one of Defendant's daughters—has long been known to Plaintiff and her counsel. Plaintiff could have subpoenaed Mr. Austin to testify at the hearing about any communications he may have had with Defendant concerning service of process and the circumstances surrounding the entry of default judgment. I decline to grant another hearing for that purpose.

Yet another post-hearing concern involves a short exchange between Defendant and Mr. Adams after the hearing. According to Plaintiff, Defendant asked Mr. Adams, "Where do I know you from?" Plaintiff supposes that this was a genuine question that demonstrates that the two men had in fact encountered each other at Defendant's residence. Defendant does not dispute having made the remark but indicates that he was being ironic, as in

pointedly conveying that he did not know Mr. Adams at all.  I do not find this "new evidence" sufficiently probative of credibility to justify reopening the proceeding for new testimony.  Defendant already testified that he did not encounter Mr. Adams at the residence and I find that testimony credible and Mr. Adams's contrary testimony incredible for the reasons I outlined.

Plaintiff's Motion to Reconsider and Reopen the Evidence is denied.

**B.     Motion for Relief from Judgment (ECF No. 86)**

In my Supplemental Indicative Ruling I recited the findings on which I would base an order granting Defendant's Motion for Relief from Judgment.  I incorporate those findings by reference.  Based on those findings, I conclude that Plaintiff's efforts to serve Defendant by ordinary means did not fully exhaust all reasonable attempts before alternate service was authorized, Defendant was not actually evading service, and service by alternate means failed to provide Defendant with notice that this civil action was in fact pending against him.  Moreover, the record supports the conclusion that Defendant has a viable defense to this action, relief from the default judgment is appropriate to accomplish justice, and relief from default judgment is not unfairly prejudicial to Plaintiff.  Default judgment is a harsh imposition that undermines the goal of resolving disputes on the merits and consequently is justified only in the most extreme cases.  *Universitas Educ., LLC v. Granderson*, 98 F.4th 357, 377 (1st Cir. 2024).  In light of the service irregularities excavated through a less-than-ideal prologue only now to arrive at the beginning, I vacate the Amended Judgment and Order. .

Defendant's Motion for Relief from Judgment is GRANTED.

## CONCLUSION

Plaintiff's Motion to Reconsider and Reopen (ECF No. 124) is DENIED.

Defendant's Motion for Relief from Judgment (ECF No. 86) is GRANTED.  The Amended

Judgment and Order (ECF No. 26) is VACATED.

SO ORDERED.

Dated this 19th day of May, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge