UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| STEPHANIE TAMAKI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-cv-00312-LEW |
| | ) | |
| ATSUSHI TAMAKI, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON PLAINTIFF'S MOTION TO REINSTATE ORDER OF
ATTACHMENT AND TRUSTEE PROCESS**

On November 12, 2024, the Court dissolved Plaintiff's attachments after Defendant posted a bond.  Order Dissolving Attachment and Staying Execution of Judgment Pending Appeal (ECF No. 79).  The dissolved attachments, *see* Order on Motion for Attachment and Attachment on Trustee Process (ECF No. 13), were awarded in the context of Defendant's default for non-appearance.  On this date, by separate order, default judgment is lifted against Defendant.  Plaintiff requests that attachment and trustee process issue once more in this matter in the original amount of $2,000,000.00.  Motion to Reinstate Order of Attachment and Trustee Process (ECF No. 122).  Defendant opposes the Motion.  Def. Obj. (ECF No. 125).

Rule 64 of the Federal Rules of Civil Procedure provides that provisional remedies like attachment are available in a federal court to the extent they would be available in a state court within the District.  In order to grant a motion for attachment and trustee process, the court must find that it is "more likely than not that the plaintiff will recover judgment,

including interest and costs, in an amount equal to or greater than the aggregate sum of the attachment." Me. R. Civ. P. 4A(c), 4B(c); *Lund v. Smith,* 787 F. Supp. 2d 82, 83 (D. Me. 2011).

"Under this standard, a moving party must show a greater than 50% chance of prevailing." *Richardson v. McConologue*, 672 A.2d 599, 600 (Me. 1996). To determine the motion, "the court assesses the merits of the complaint and the weight and credibility of the supporting affidavits," but the court is not required to "address complex legal issues or rectify factual disputes in a summary attachment hearing." *Porrazzo v. Karofsky*, 714 A.2d 826, 827 (Me. 1998). The moving party also must demonstrate the amount of damages to which it would be entitled upon prevailing, and if it cannot substantiate the amount requested in the motion, the court has the discretion to award an attachment in a lesser amount that is supported in the movant's showing. *Cirrincione v. Pratt Chevrolet*, 275 F. Supp. 2d 26, 28 (D. Me. 2003). As to either liability or damages, "[t]he arguments of counsel cannot substitute for the required sworn statements of relevant facts." *Wilson v. DelPapa*, 634 A.2d 1252, 1254 (Me. 1993). In the event that a motion for attachment and trustee process is to be awarded, the Court may, on a proper showing by the defendant, limit the attachment to specific property or credits. Me. R. Civ. P. 4A(d), 4B(d).

Based upon a review of the entire record, I am persuaded that the award of an attachment and/or attachment on trustee process is not appropriate. The parties are, in effect, in a swearing contest as to both liability and naturally the amount of damages, which militates against the award. Furthermore, Plaintiff's stepsiblings are prepared to testify against her, to the effect that she denied being abused by their father. There is also the

matter of the passage of more than 30 years.  Thus, although there remains the possibility that Plaintiff will prevail and win a sizeable award, I am not persuaded on the record that it is more likely than not that she will prevail and be awarded $2,000,000.00 or more.

## CONCLUSION

Plaintiff's Motion to Reinstate Order of Attachment and Trustee Process (ECF No. 122) is DENIED.

SO ORDERED.

Dated this 19th day of May, 2026.

/s/ Lance E. Walker
Chief U.S. District Judge